GARIBALDI & CUNEO, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10235. Promulgated September 25, 1947.

*Herman A. Fischer, Esq.*, for the petitioner.
*David F. Long, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The petitioner would have the Court believe that the OPA regulations and computations thereunder were so complicated and confusing that it was next to impossible to avoid a violation of them; few, if any, banana dealers in Chicago were free from censure by the OPA authorities; the violations by the petitioner were only to be expected; and the payment was deductible under section 23 (a) (1) (A). The respondent claims the violations by the petitioner were designed, aggravated, and wholly inexcusable. It is not necessary to decide exactly where the truth lies. The petitioner sold above the

lawful ceiling prices and was sued for the violations. It settled the suit by an agreement in which it not only admitted its fault, but paid a substantial penalty. It had no further violations.

The record does not justify a finding that the violations were ordinary and necessary in the petitioner's business. It appears that they could have been avoided by the exercise of reasonable care. There is some evidence that the petitioner did not make a computation each week to determine the maximum price it could charge, as was necessary under the regulation, but made varied excessive charges not based upon any recent computation and made improper charges for drums. There is also evidence tending to show that its cashier, who was looking after the banana sales, knew how to make a proper computation under the applicable regulation. The evidence does not show that he did not know how to determine the ceiling price under that regulation. He was called as a witness, but he did not explain how or why he had failed to follow the regulation. There is testimony by a lawyer that the regulation was confusing and admitted of several different interpretations, but it does not appear that the violations by the petitioner were due to any such causes. The expenditure in settlement of the suit was not an ordinary and necessary expense of carrying on the petitioner's business. That is the only issue raised by the pleadings.

Reviewed by the Court.

*Decision will be entered for the respondent.*